■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR TORRES, Appellant.—Casey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered September 13, 1984, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

On August 31, 1983, defendant was indicted for two counts of burglary in the third degree, one count of grand larceny in the third degree, one count of petit larceny and one count of criminal possession of stolen property in the third degree. Following a suppression hearing in which evidence seized from defendant on the day of his arrest was ruled admissible, defendant, on July 13, 1984, the date set for his trial, entered a plea of guilty to burglary in the third degree in full satisfaction of the indictment. On August 23, 1984, defendant was sentenced as a second felony offender to 2½ to 5 years' imprisonment.

On this appeal, defendant's chief contention is that the police lacked probable cause to arrest him without a warrant. On the morning of August 12, 1983, the police received detailed inventories of the items taken in a burglary of Roark's Tavern and Oakley's Cleaners in the Village of Monticello. Among the items taken from Oakley's were a Missouri Slew ski jacket, an Obermeyer ski jacket, a number of men's blue jeans and short-sleeve Izod shirts. The Missouri Slew ski jacket was described as being black with green stripes and the Obermeyer jacket as black, ripped in one place and in need of zipper repair. At about 3:30 P.M. of that day, the police received an anonymous call that a person in the Indo-American Restaurant on Broadway in the village was trying to sell some clothing. A detective went there and saw defendant sitting at a counter with articles of clothing to his immediate right on the counter. Blue jeans and short-sleeve Izod shirts were next to defendant and the Missouri Slew ski jacket was on a table 20 feet away. Defendant acknowledged ownership of the items and claimed to have purchased them from an unnamed black male in front of the Carlton Hotel. Defendant did not further describe his seller. The detective asked defendant to accompany him to the police station, which defendant did voluntarily. At the station, defendant was given his *Miranda* warnings. Following the warnings, defendant said he

wanted to talk to a lawyer and all questioning immediately ceased. After his arrest, however, defendant was fingerprinted and his prints matched those found on the cash register at Oakley's and the juke box at Roark's Tavern. The legality of defendant's arrest is, therefore, the critical issue of his appeal.

The inventory of the specific items of clothing taken from the two burglarized premises, and defendant's possession of items answering their description, including a ski jacket on a hot August day, together with defendant's incomplete and unlikely explanation of how he had come into possession of those items (see, People v Brnja, 50 NY2d 366), supplied ample probable cause for defendant's arrest by police without a warrant (cf. Adams v Williams, 407 US 143, 149). The trial court having so found, it follows that defendant's fingerprints were lawfully obtained. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.